UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                      Case No. 13-CR-230

NORMAN W. CORN, JR.,

    Defendant.

**ORDER**

The defendant in the above matter is charged with sexual assault of a child on the Menominee Indian Reservation. The case is scheduled for trial to commence on Monday, February 24, 2014. On February 17, 2014, Attorney David Brown, of Green Bay, Wisconsin, delivered a Notice of Retainer to the Clerk's Office. Because it was President's Day, the office was closed, but Attorney Brown pushed the notice under the door. Attorney Brown had also spoken with Corn's current counsel, Attorney Thomas Phillip, and explained that he had been retained by Corn to represent him in the coming trial. As a result, Attorney Phillip had filed a motion to withdraw as counsel for Corn. The court immediately scheduled the motion for a hearing to be held on Wednesday, February 19th. In fact, the court was advised that Attorney Brown had let others know that he would be unavailable until Thursday, February 20th, but in the meantime, the court had attempted to give Brown notice through the ECF system and by phone. In any event, the hearing occurred as scheduled on February 19th on Attorney Phillip's motion to withdraw, and Attorney

Brown did not appear at the hearing or otherwise respond to the telephone calls or ECF notice. After considering the arguments of counsel, the court denied the motion. The court noted that the motion was in fact an indirect motion for an adjournment at the last minute. Attorney Brown had not appeared and there had been no explanation given as to why the substitution had not occurred earlier. The court also noted that the victim of the offense was a young child and, based upon the government's representations, it appeared that the child would have difficulty with an adjournment. Accordingly, the court denied the motion to withdraw, but indicated it would reconsider the motion if and when Attorney Brown appeared and explained what steps he wanted the court to take.

Attorney Phillip provided the court with two cases to review in support of his motion to withdraw. Both cases deal with the important right of the defendant to counsel of his choice. The cases were *United States v. Smith*, 618 F.3d 657 (7th Cir. 2010) and *United States v. Sellers*, 645 F3d. 830 (7th Cir. 2011). Both cases involve requests that were made somewhat earlier in the proceedings and they involved drug cases, where the likely burden on the witnesses for the government would be significantly less. The court conducted its own research, however, and based on the Seventh Circuit's decision in *Carlson v. Jess*, 526 F3d 1018 (7th Cir. 2008) concludes that a more complete record should be made before it issues a final ruling on the defendant's motion for an adjournment. *Carlson* did involve a request in a sexual assault case that came shortly before the scheduled trial. Although the trial court did consider the fact that it was a child witness, the court noted that the record did not support a finding that a continuance would have a significant effect upon the child. Counsel are invited to review the Seventh Circuit's decision in *Carlson* and be prepared to address the request for adjournment at a further hearing on the motion to adjourn the

2

trial. The clerk is directed to schedule that motion within the next two days. Attorney Brown is to receive notice of the hearing and to appear if he intends to represent the defendant.

Dated this   19th   day of February, 2014.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court
